| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Ruslan Lvovich Bessarabenko** | Social Security number or ITIN **xxx–xx–4156** |
| | Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Irina Yakovlevna Bessarabenko** | Social Security number or ITIN **xxx–xx–4157** |
| | Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court – **Southern District of Indiana** | | |
| Case number:  **12–14337–JJG–13** | | |

# Order of Discharge

12/2015

**IT IS ORDERED** that a discharge under 11 U.S.C. § 1328(a) is granted to the following debtors:

Ruslan Lvovich Bessarabenko                Irina Yakovlevna Bessarabenko

Dated: **February 6, 2018**                By the court: /s/ Jeffrey J. Graham
                                                                      Judge, U.S. Bankruptcy Court

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay the debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

Pursuant to 11 U.S.C. § 524(f), this order does not prevent the debtors from paying any debt voluntarily.

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property, special rules protect certain community property owned by the debtors' spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Explanation of Bankruptcy Discharge in a Chapter 13 Case (continued)**

**Some debts are not discharged**
Examples of debts that are not discharged are
listed below:

• Debts that are domestic support obligations.

• Debts for most student loans.

• Debts for certain types of taxes specified in 11
  U.S.C. §§ 507(a)(8)(C), 523(a)(1)(B), or
  523(a)(1)(C) to the extent not paid in full under
  the plan.

• Debts that the bankruptcy court has decided or
  will decide are not discharged in this bankruptcy
  case.

• Debts for most fines, penalties, forfeitures, or
  criminal restitution obligations.

• Some debts which the debtors did not properly
  list.

• Debts provided for under 11 U.S.C. § 1322(b)(5)
  and on which the last payment or other transfer
  is due after the date on which the final payment
  under the plan was due.

• Debts for certain consumer purchases made
  after the bankruptcy case was filed if obtaining
  the trustee's prior approval of incurring the debt
  was practicable but was not obtained.

• Debts for restitution, or damages, awarded in a
  civil action against the debtors as a result of
  malicious or willful injury by the debtors that
  caused personal injury to an individual or the
  death of an individual.

• Debts for death or personal injury caused by
  operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors
from collecting from anyone else who is also
liable on the debt, such as an insurance company
or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary
of a Chapter 13 discharge; some
exceptions exist. Because the law is
complicated, you should consult an
attorney to determine the exact effect of the
discharge in this case.**

---